UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERION PECI,

        Petitioner,

v.                                                                      Case No. 11-13560
                                                                     Honorable Denise Page Hood
REBECCA ADDUCCI, Detroit Field Office
Director, Bureau of Immigration and Customs
Enforcement, Detroit Field Office

        Respondent.
_____/

## ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS AND LIFTING STAY OF REMOVAL

**I.    INTRODUCTION**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus and Motion for Immediate Stay of Removal. **Docket No. 1, filed August 15, 2011.** Responded filed a response on September 14, 2011. **Docket No. 4.**

**II.    BACKGROUND**

The Petitioner, Erion Peci, is a citizen of Albania. He was subject to removal proceedings in Chicago, Illinois. On August 27, 2009, while his removal proceedings were still pending, Petitioner left the United States and entered Canada to apply for refugee status. When he did not appear for his hearing in the Chicago Immigration Court, the Immigration Judge ("IJ") ordered him removed on October 1, 2009. The IJ noted that Petitioner had left the United States and was inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(B).

On July 14, 2011, Petitioner was detained by border patrol in Michigan's Upper Peninsula. At that time, Petitioner reported that he entered the United States through the

Detroit/Windsor port of entry. There was no record of Petitioner's entry. Immigration and Custom Enforcement ("ICE") denied his request for bond. The IJ found that she did not have jurisdiction to reconsider the removal because Petitioner was subject to a final order of removal or, in the alternative, ICE could reinstate the order if Petitioner had already executed it. Petitioner has appealed to the Board of Immigration Appeals.

### III.    ANALYSIS

An alien that leaves the United States while under a final order of deportation executes his own deportation order. 8 U.S.C. § 1101(g) ("any alien ordered deported or removed…who has left the United States, shall be considered to have been deported or removed in pursuance of law…"); *see* 8 C.F.R. § 1241.7 ("Any alien who has departed from the United States while an order of deportation or removal is outstanding shall be considered to have been deported, excluded and deported, or removed…"); *see also Mansour v. Gonzales*, 470 F.3d 1194, 1198 (6th Cir. 2006) ("It is well settled that when an alien departs the United States while under a final order of deportation, he or she executes that order pursuant to the law.") In other words, an alien cannot be deported by his own means absent a final order of deportation. Once an order of deportation is executed, by removal or voluntarily, a prior order of removal can be reinstated if the alien re-enters the United States illegally; it is not required that removal proceedings are reopened in order to effectuate a subsequent removal. *See* 8 U.S.C. § 1231(a)(5).

Here, Petitioner argues that he executed his deportation when he left the United States and was admitted to the United States once he re-entered through a port of entry.[1] Petitioner contends that he is entitled to removal proceedings before he can be legally removed again. The Court is not convinced. First, Petitioner cannot deport himself prior to the entry of a final order

---

[1] The Petitioner relies significantly on the Fifth Circuit case *U.S. v. Ramirez-Carcamo*, 559 F.3d 384 (5th Cir. 2009) for the proposition that Petitioner executed the deportation order when he left the United States although he left prior to the entry of the order. The Court finds Petitioner's reliance on *Ramirez-Carcamo* unconvincing.

of deportation. The IJ entered the order on October 1, 2009. Petitioner left the United States and entered Canada on August 29, 2009. There was no deportation order prior to Petitioner's departure. ICE can now execute the deportation order. Second, even if the Court accepts Petitioner's reasoning that he deported himself when he left the United States, Petitioner re-entered the United States illegally and ICE may reinstate the prior deportation order. Petitioner contends that he was readmitted through a port of entry and, therefore, entered the United States legally. The Court rejects this argument. There is no evidence that Petitioner crossed the Windsor/Detroit port of entry legally. Petitioner is not entitled to further removal proceedings.

IV.     **CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus **[Docket No. 1, filed August 15, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that the stay on Petitioner's immediate removal is **LIFTED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  October 21, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 21, 2011, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager